folk Dairy Farm. It was shown that he had no right to this name. Subsequent transactions to that testified to by the complainant, under similar conditions, had been admitted in evidence. Lord Russell, C. J., considering the admissibility of this evidence, said:

"That depends, as it seems to me, on the question whether or not the case put forward for the prosecution was that the prisoner was not carrying on a real business, but * * * from first to last a bogus or sham business. * * * I think that the evidence was admissible on the ground that it showed part of a scheme to defraud by the pretense of carrying on an honest and bona fide business. The means by which the fraud was perpetrated was by advertisements in newspapers, which B. and E. and C. alike saw and alike acted upon. The transactions in all three cases were therefore connected by the advertisement which formed part of the scheme."

Wills, J., said:

"But when it appears that the same advertisement continued to appear down to the last transaction, and that it operated in the last case exactly as it did in the case on which the charge was based, then, as it seems to me, both in law and in common sense the evidence becomes admissible."

What the statute seeks to prevent is fraudulent impersonation of a medical practitioner. I think the evidence admissible because it tended to show such fraudulent impersonation continuing over a period of time. The like transactions were bound together by the advertisements during that period for which the defendant was responsible.

I think the judgment should be affirmed. ·

SCOTT, J., concurs.

---

NOONAN v. PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

LIBEL AND SLANDER (§ 123*) — CONSTRUCTION OF STATEMENT — QUESTION FOR JURY.

Where the alleged libelous publication is susceptible of more than one interpretation, it is error for the court to charge that it is libelous as a matter of law.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 356, 357; Dec. Dig. § 123.*]

Appeal from Trial Term, New York County.

Action by Lily Noonan against the Press Publishing Company. From a judgment for plaintiff, and from an order denying a motion to set aside the verdict and for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

William H. Van Benschoten, for appellant.
George H. D. Foster, for respondent.

PER CURIAM. We think that it was a question of fact for the jury whether or not the only inference to be drawn from the article complained of is that the plaintiff was guilty of unchastity. It was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

error to hold as matter of law that the article by necessary inference did so charge.

Judgment and order reversed, and a new trial granted, with costs to appellant to abide the event.